# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

RUCKER'S ADM'R V. MOSS ET ALS.

MARCH 15th, 1888.

FRAUDULENT CONVEYANCES—*Sharing discounts.*—M. for R.'s benefit, put a lien on his real estate for the amount of a fictitious note that could cover its value, and then referred his creditors to R. as a probable purchaser of their debts, and some sold at fifty cents in the dollar, it being agreed secretly between M. and R. that the discounts should be shared equally between them:

HELD:

> The deed creating the lien was fraudulent in fact and void as to M.'s creditors.

Appeal from decree of hustings court of city of Lynchburg, rendered November 9th, 1886, in the cause wherein Sallie C. Moss is complainant, and T. N. Williams, trustee, and others are defendants. The decree being adverse to the defendants, C. H. Rucker's administrators, they appealed to this court. Opinion states the case.

*W. V. Wilson, Jr.,* and *Burks & Burks,* for the appellants.

*Kirkpatrick & Blackford,* for the appellees.

LACY, J., delivered the opinion of the court.

On the 23d of April, 1884, Sallie C. Moss, the widow of one J. S. Moss, deceased, brought her suit to enjoin the trustees in certain deeds made by her husband in his life-time, to which

she was no party, from selling the real estate conveyed therein, until her dower had been assigned her in the said real estate, or properly commuted. In the progress of the suit, the deeds were attacked by the creditors of J. S. Moss, deceased, as fraudulent in fact, and void as to creditors. The first deed was made on November 12, 1875, to secure the appellants' intestate, C. H. Rucker, as the accommodation endorser of two negotiable notes given by J. S. Moss of $750 each. In the progress of the cause these notes were proved to have been fully paid off. The second deed was made on the 30th day of November, 1875, to secure the payment to Rucker of a debt alleged to be due him by Moss of $1,850. The circumstances preceding the execution of this deed were these: J. S. Moss was a partner in a mercantile firm known as Moss & Rocke, which firm, being indebted to insolvency, failed and suspended business, and Moss purchased the stock of goods, etc., from Rocke at the sum of $4,500 before the failure was announced or made public by suspension. Moss executed for this purchase the two $750 notes, making $1,500, and paid up in cash $3,000. This was borrowed from the firm of Hamner & Wright, the said Hamner & Wright to become partners upon the basis of this amount of capital put in by them. Shortly Moss sold out to Hamner & Wright, and became their agent in the conduct of the business. Moss then, not owing Rucker anything but the $1,500 above mentioned, which was already secured, executed the bond of $1,850, not a dollar of which was a subsisting debt. The condition of the bond was as follows: "The condition of the above obligation is such that, whereas the said Rucker has purchased, and intends further to purchase, certain unpaid debts, notes, etc., of Moss & Rocke, and whereas the said Moss desires to take in and pay off the same, and the said Rucker has agreed to let him take up the same from him, and to allow in favor of said Moss one-half of the discount which the said Rucker may get from the creditors of Moss & Rocke—that is to say, if the said Rucker can purchase debts

of Moss & Rocke for fifty cents on the dollar, he will allow said Moss to take them at seventy-five cents on the dollar, or at like rate; whatever rate of discount said Rucker can obtain, he will allow one-half thereof in favor of said Moss. Now, if said Moss shall well and truly take up such debts as said Rucker may purchase of Moss & Rocke, not exceeding $1,850, with interest on the same at the rate of 8 per centum per annum, on or before the 30th day of June, 1876, and shall pay all sums of money advanced to him by said Rucker with like rate of interest, then," etc. The corporation court held this deed not fraudulent and void, but a valid obligation, except as to the interest, which was held to be usurious, and wholly disallowed. From this decree Rucker's administrators appealed, because their interest had been disallowed, and the two notes of $750 each held to have been paid and extinguished. The appellees, the creditors of Moss & Rocke, assign as error, under rule IX of this court, that the corporation court erred in sustaining the validity of the deed of November, 1875, and the bond secured thereby.

We will first consider the assignment of error by the appellees. The object of the deed in question was plainly this: A lien was put upon the lot in Lynchburg of J. S. Moss, which would cover its value, for a debt that had no existence. This would deter suits by creditors; and the creditors, as the evidence shows, were told by Moss that he was entirely insolvent, and could pay nothing, while Rucker sat ready at the door, and Moss said to each one, after refusing payment and pleading insolvency: "It may be Col. C. H. Rucker there may do something for you." Upon application, Rucker made terms at fifty cents on the dollar; one-half of which discount was secretly bargained for by the real debtor. Thus were some of the creditors of Moss paid off. That this deed was fraudulent in fact—actually fraudulent—devised by Moss and agreed to by Rucker, for a compensation, for the purpose to hinder, delay, and defraud the creditors of Moss, is made clear by the pro-

duction of the bond with the condition attached, and is void as to the creditors of Moss. The corporation court was right in holding the transaction usurious, but that court erred in holding the deed valid and binding for any purpose. It is clearly fraudulent and void; and so much of the said decree of the said corporation court of Lynchburg as sustained the deed in any degree, and decreed the sale of the real estate for cash to pay the ascertained balance due under the said deed, will be reversed and annulled, but the residue of the decree will be affirmed.

DECREE AFFIRMED IN PART AND REVERSED IN PART.